**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN C. MARTINEZ**

**v.** **C.A. No. 07-455ML**

**OFFICER PERRY**

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Juan Martinez, *pro se*, an inmate at the Adult Correctional Institutions in Cranston, Rhode Island, filed a complaint in the instant matter on December 11, 2007 naming corrections officer Stephen Perry as defendant. On June 5, 2008, Chief Judge Mary Lisi issued an Order stating that the case had been pending without an answer or claim having been filed for at least 120 days and ordering the action be dismissed without prejudice for lack of prosecution unless plaintiff showed good cause as to why the action should not be dismissed (Docket # 5). Presently before the Court is plaintiff's response (Docket # 6). This matter has been referred to me for determination.

In his response, plaintiff explains that he mailed to the Office of Legal Counsel (the "OLC") of the Rhode Island Department of Corrections (the "DOC") a copy of the complaint, waiver of service of summons, and notice of lawsuit and request for waiver of service of summons forms addressed to Officer Perry on January 16, 2008. After receiving no response, he wrote to Michael Grant, Deputy Chief Legal Counsel for the DOC on April 10, 2008 inquiring about the waiver. Mr. Grant replied on April 30, 2008, indicating that his office received the waiver of service form and complaint addressed to Officer Perry, but that the Federal Rules of Civil Procedure (the "Federal

Rules") required plaintiff to mail or serve the complaint on a defendant personally rather than through the OLC (Docket # 6, Exhibits B & C). Plaintiff may also have mailed a copy of the forms directly to defendant Perry, although it is unclear from his show cause response.

It is clear that plaintiff failed to obtain a waiver of service of process from the defendant, and, thus, should have served defendant in a manner provided by Rule 4(e) of the Federal Rules within 120 days of filing his complaint with the Court, as required by Rule 4(m) of the Federal Rules. Nonethless, plaintiff made several attempts to serve defendant here, and some degree of leniency should be afforded to a *pro se* plaintiff who fails to effectuate service of process within the 120-day time frame despite diligent efforts. *See D'Amario v. Russo*, 750 F.Supp. 560, 563 (D.R.I. 1990). Accordingly, plaintiff has satisfied his burden to show good cause why the action should not be dismissed at this time. However, as plaintiff has attempted and failed to serve defendant informally, plaintiff must now serve defendant as provided by Rule 4(e) of the Federal Rules.

Accordingly, it is hereby **ORDERED**:

1. The show cause order is discharged; and

2. Plaintiff shall have **twenty days** from the date of this Order to (i) effect service of process on defendant pursuant to Rule 4(e) of the Federal Rules or (ii) file a motion with the Court to order service be effected by a United States Marshal pursuant to Federal Rule 4(c)(2). If plaintiff fails to comply with this Order, I shall recommend this action be dismissed.

IT IS SO ORDERED.

Jacob Hagopian
Senior United States Magistrate Judge
Date: 7 Aug 08